## LARKIN *vs.* THE CITY OF DARIEN.

1. Where one signs his name to a bill of sale by making his mark, such bill of sale is not rendered inadmissible because there was no witness to the signature. If proved genuine, such signature is good and binding.
2. While the commissioners of McIntosh county, before whom this case was tried, did express the opinion that the bill of sale was worthless, still they rested their judgment on the existence of fraud, and on that question the evidence supported the finding. Code, §2751.

January 30, 1883.

JACKSON, Chief Justice.

[A horse was levied on under a *fi. fa.* for municipal taxes due the city of Darien, by Mrs. Larkin. It was taken from the premises of the defendant, her son being present at the time. She begged for time, and at her instance, a sale was postponed for over twelve months, nothing being said during that time indicating that it was not her property. (The exact age of the son is not given, but he was a minor.) When the marshal finally advertised the horse for sale, the son, by next friend, interposed a claim. The case was tried before the commissioners of McIntosh county, who were *ex-officio* mayor, etc., of Darien. Claimant tendered a bill of sale from one Stevens, conveying the horse in question to claimant, in consideration of $18.00. This was signed by a cross mark, but its execution was sworn to by the father of claimant. The court held the bill of

sale to be a nullity, because there was no attesting witness. Claimant and his father testified that the possession had been in him; that he had purchased the horse from Stevens, and owned it. The horse was found subject, and claimant carried the case to the superior court by *certiorari.* The answer to the writ showed that the mayor, etc., did express the opinion that the bill of sale was worthless, but rested their judgment finding the property subject on the evidence stated above as to the levy, the lapse of time, the action of the mother in the presence of her son, and his failure to assert title.

The *certiorari* was refused, and claimant excepted. The points made are ruled in the head-notes.]