# Wytheville

INDEPENDENT CAB ASSOCIATION, INC. v. MARY D. BARKSDALE.

June 9, 1941.

Record No. 2369.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

*H. Armistead Boyd* and *Aubrey R. Bowles, Jr.,* for the plaintiffs in error.

*Ellsworth Wiltshire* and *Alexander H. Sands,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by Mary D. Barksdale, plaintiff, to recover of the defendants, Independent Cab Association, Inc., and Arthur L. Treadway, property damages as a result of a collision between the Packard car of the plaintiff and a cab of the company driven by Treadway.

There was a trial by a jury which resulted in a verdict in favor of the plaintiff in the sum of $1,465.00.

The motion to set aside the verdict of the jury and enter judgment for the defendants was overruled, and judgment was thereupon entered in accordance with the verdict rendered.

The accident occurred in the city of Richmond at the intersection of Northumberland and Sherwood avenues, both of which avenues are approximately twenty-five feet wide.

The plaintiff's automobile was driven by her chauffeur, Robert Smith, and was proceeding south on Northumberland avenue. The cab, owned by the company and driven by Treadway, an employee, was traveling east on Sherwood avenue and was, therefore, on the right. The impact occurred in the middle of the western half of the intersection. The left front of the cab struck the right door and right running board of the Packard at a point about midway between the front and rear thereof.

As a result of the collision, both vehicles were considerably damaged, but no material injury was suffered by either of the chauffeurs.

It is assigned as error that the court erred in refusing to strike the plaintiff's evidence and in refusing to enter judgment for the defendants, on the ground that the plaintiff was guilty of contributory negligence, as a matter of law, barring her recovery.

In view of our conclusion to reverse the judgment based upon another assignment of error, we deem it improper to discuss the question as to whether or not there is such a conflict in the evidence as to present a question of fact for the jury or a question of law for the court.

The second assignment of error is, that the court erred in giving, on the motion of the plaintiff, this instruction:

"The Court instructs the jury that it was the duty of Arthur L. Treadway, the driver of the cab of Independent Cab Association, Inc., in driving his cab easterly on Sherwood avenue to do the following:

\*      \*      \*      \*      \*

"2. To allow any vehicle proceeding southwardly on Northumberland avenue which entered the intersection of Sherwood avenue and Northumberland avenue at a lawful rate of speed an appreciable length of time ahead of his cab, if you believe such was done, to proceed across such intersection.

&ast; &ast; &ast; &ast; &ast;''

The defendants' objection to this instruction was as follows:

"The defendants object to Instruction No. 1 given to the plaintiff on the ground that it submits to the jury an improper statement of the law with respect to the right of way, there being but one right of way, and that to the vehicle on the right, unless forfeited by unlawful speed. &ast; &ast; &ast;''

In Virginia, operation of motor vehicles upon the state highways and upon the streets of municipalities is governed by statute. The law as to who has the right of way when two vehicles approach or enter an intersection is found in section 2154 (123) (a) of the Code and reads as follows:

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in section 2154 (125). The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

The intent of the statute is to prevent the stoppage of traffic and to govern its movement so as to prevent collisions as far as possible.

It is the contention of defendants that the instruction is amenable to the objection that while the statute fixes the right of way by the use of the term "approximately," the instruction violates the statutory right by the use of the term "appreciable," and therefore, in violation of the legislative mandate, fixes a different standard for

the determination of the right of way upon streets and highways.

In Webster's New International Dictionary, a distinction is drawn between the words *approximate* and *appreciable*. The definition given of the word *approximate* is: "Situated or drawn very near or close together; also nearly resembling." The definition of the word *appreciable* is: "large or material enough to be recognized or estimated; perceptible, as an *appreciable* quantity."

By the use of the phrase "at approximately the same time," the legislature evidently meant that the determination of the question depended not upon a computation of time but upon the determination of a fact by the jury. This view is sustained by instruction B, which was given without objection and which reads as follows:

"The court instructs the jury that if you believe from the evidence that the defendant's motor vehicle lawfully approached and entered the intersection of Northumberland and Sherwood avenues either before or at approximately the same time as the plaintiff's motor vehicle, then the defendant's motor vehicle had the right of way and it was the duty of the chauffeur of the plaintiff's motor vehicle to yield the right of way to the defendant's motor vehicle and permit it to pass in safety. * * *"

Under the unambiguous language of the statute, there can be but one right of way and that is with the vehicle on the right, unless such right of way has been forfeited under the provisions of the statute.

The granting of the instruction constitutes reversible error for which the judgment must be reversed.

*Reversed.*