# Richmond

## George M. Pannell v. Hersey W. Fauber.

November 30, 1959.

Record No. 4998.

Present, All the Justices.

The opinion states the case.

*M. Wallace Moncure, Jr. (G. H. Branaman; Wallace R. Heatwole,* on brief), for the plaintiff in error.

*Richard F. McPherson,* for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

In an action at law arising out of a collision occurring at a street intersection in the city of Waynesboro between a car owned and operated by Hersey W. Fauber and another operated by George M. Pannell, Fauber has recovered a verdict and judgment of $1,935 against Pannell for damages to his car. Pannell appeals claiming that the lower court erred in excluding certain evidence offered by him and in its rulings on instructions.

At the trial Pannell offered in evidence a motion for judgment filed against him by Fauber in a companion suit then pending in the same court, wherein Fauber had alleged that a passenger in the car driven by Pannell was injured in the collision; that after investigation he (Fauber) had concluded that the collision was caused by the negligence of both drivers and had made a fair and reasonable compromise settlement with the passenger for the damages for his injuries; and that "by virtue of plaintiff's right of contribution between joint tort-feasors," he (Fauber) was entitled to recover of Pannell one-half of the amount which he (Fauber) had paid the passenger. Pannell claimed that the allegations in the motion for judgment in the companion suit constituted an admission that he (Fauber) was guilty of negligence which proximately caused the collision, and that such admission estopped Fauber from claiming otherwise in the present suit, under the principles laid down in *Burch* v. *Grace Street Building Corp.,* 168 Va. 329, 340, 191 S. E. 672, 677. See also, 7 Mich. Jur., Estoppel, § 34, p. 298 *ff.,* and cases there cited.

In the absence of the jury the lower court heard the evidence of the circumstances under which the contribution suit had been filed. It developed that after Fauber's insurance carrier had investigated the circumstances of the collision it effected a compromise settlement with the passenger in the Pannell car. Shortly thereafter counsel for that insurance carrier instituted the contribution suit. While the evidence shows that under the terms of the policy the insurance carrier had the right to bring such a suit in Fauber's name, it is undisputed that it was instituted by counsel employed by the insurance carrier for the purpose of recovering one-half of the amount which it had paid to the passenger in the Pannell car, and that Fauber had no interest in the

proceeds of the recovery. He did not sign the pleading, nor was he advised that the suit had been filed.

It is elementary that a party will be affected by the admission of another only where the person making the statement is expressly or impliedly authorized to represent and bind him in the transaction. 31 C. J. S., Evidence, § 342, p. 1112; 20 Am. Jur., Evidence, § 596, p. 507. In the present case, as has been said, the attorney who made the admission relied on as an estoppel against Fauber was not employed by or acting for him and consequently had no authority, express or implied, to make any admission binding on him. Under these circumstances, the lower court properly ruled that this pleading in the companion suit did not constitute an estoppel against Fauber and was not admissible against him.

In order to determine the propriety of the lower court's rulings on the instructions it is necessary that the evidence adduced by the respective parties be briefly summarized. It is undisputed that the collision occurred at the intersection of Augusta avenue and Fifth street in the city of Waynesboro, about 6:00 p. m. during daylight, when the pavement was dry. The Fauber car was proceeding westwardly along Fifth street, while the Pannell car was proceeding southwardly along Augusta avenue. The intersection is level and the driver of each vehicle had a clear vision of the other as the two approached. There are no stop signs or traffic controls at the intersection. The permitted speed limit was 25 miles an hour. The collision occurred near the center of the intersection, the front of the Pannell car striking the middle of the right side of the Fauber car. Both vehicles were badly damaged.

Fauber testified that as he approached the intersection he saw the Pannell car to his right, at what he estimated to be about 300 feet north of the intersection. Thinking that he had ample time to cross ahead of that car, he proceeded into the intersection at from five to ten miles an hour. A moment later when he observed the Pannell car approaching on his right at a "terrific rate of speed," which he estimated to be between 60 and 65 miles an hour, he speeded up his engine hoping to avoid the collision but was unable to do so.

According to Pannell, he approached the intersection at a speed of not more than 25 miles an hour; that when he was about seven or eight car lengths north of the intersection he saw the Fauber car to his left come to a stop. Assuming that the other driver would

yield the right of way, he proceeded into the intersection and the collision occurred.

Pannell admits that the evidence was sufficient to warrant the jury in finding against him on proper instructions, but insists that Instructions Nos. 1 and 2, granted over his objection, were erroneous. These instructions read as follows:

"INSTRUCTION 1. The court instructs the jury that if they believe from the evidence that the plaintiff, Fauber, had approached, entered, and was passing through the street intersection ahead of and before the defendant, Pannell, reached said intersection then it was the duty of Mr. Pannell to yield the right of way to Mr. Fauber and if he failed so to do, he was guilty of negligence and if the jury believe that such negligence was the proximate cause of the accident, they shall find for the plaintiff, Fauber, and fix his damages in the amount of $1,935 unless they further believe from the evidence that the plaintiff, Fauber, is guilty of negligence which proximately caused or contributed to cause the accident complained of."

"INSTRUCTION 2. The court instructs the jury that if they believe from the evidence that the defendant, Pannell, was traveling in excess of twenty-five miles per hour as he approached and entered the intersection then the plaintiff, Fauber, had the right of way at said intersection and it was the duty of Mr. Pannell to yield the right of way to Mr. Fauber and if he failed to do so he was guilty of negligence and if the jury believe that such negligence was the proximate cause of the accident they shall find for the plaintiff, Fauber, and fix his damages in the amount of $1,935 unless they further believe from the evidence that the plaintiff, Fauber, is guilty of negligence which proximately caused or contributed to cause the accident complained of."

The contention is that each of these instructions improperly interpreted and applied Code, § 46-238,[1] governing the right of way of vehicles at an intersection. The pertinent portion of that section, in effect at the time of the accident, reads:

"§ 46-238. *Right of way; general rule.*—When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the

---

[1] This section has been amended and renumbered § 46.1-221. Acts of 1956, ch. 533, p. 764; Acts of 1958, ch. 541, p. 738.

vehicle on the right, * * *. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

In *Independent Cab Assn.* v. *Barksdale,* 177 Va. 587, 15 S. E. 2d 112, we held that it was error to instruct the jury that under the statute the driver of a vehicle on the right must yield the right of way to the driver of a vehicle on the left, entering the intersection at a lawful rate of speed an appreciable length of time ahead of him. There we said that, "Under the unambiguous language of the statute, there can be but one right of way and that is with the vehicle on the right, unless such right of way has been forfeited under the provisions of the statute." (177 Va., at page 591, 15 S. E. 2d, at page 114.)

The effect of Instructions Nos. 1 and 2, respectively, was to tell the jury that if they believed from the evidence that Fauber, the driver of the vehicle on the left, reached the intersection first, or that Pannell approached and entered the intersection at an unlawful speed, then Fauber had the right of way and it was Pannell's duty to yield to him. Both instructions were contrary to the holding in the *Independent Cab Assn.* case, *supra,* that under the language of the statute the driver of only one vehicle, that on the right, has the right of way, provided he approaches or enters the intersection at approximately the same time as the other vehicle and is traveling at a lawful speed. But neither the prior arrival of the Fauber car at the intersection nor the excessive speed, if any, of the Pannell car transferred the right of way from the driver of the Pannell car to the driver of the Fauber car. In both instances neither driver had the right of way over, or was required to yield to, the other. Each was under the duty to exercise ordinary care to avoid a collision.

■ Error is also assigned to the action of the lower court in refusing to grant Instructions F and G offered on behalf of Pannell. We find no error in the refusal of these instructions as phrased. Instruction F in substance told the jury that if as Pannell approached the intersection he saw the Fauber car stop, he (Pannell) had the right to assume that it "would not undertake to drive into and pass through the intersection immediately ahead of" him. In the first place, the instruction failed to qualify Pannell's rights upon the finding that he approached the intersection at a lawful speed. In the next place, as phrased, the instruction assumes that Fauber undertook to drive into the intersection immediately ahead of Pannell when it was for the jury to say whether he did so.

Instruction G likewise failed to qualify Pannell's rights under the statute upon the finding that he approached the intersection at a lawful speed.

Because of the error of the lower court in granting Instructions Nos. 1 and 2, the judgment will be reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*