# Richmond

### TERESA M. ELLER v. DOROTHY BLACKWELDER.

April 22, 1963.

Record No. 5559.

Present, All the Justices.

The opinion states the case.

*George H. Gray* (*Outland & Gray*, on brief), for the plaintiff in error.

*Wilson H. Wahab* (*James, Wahab & Spencer*, on brief), for the defendant in error.

CARRICO, J., delivered the opinion of the court.

Teresa M. Eller filed a motion for judgment against Dorothy Black-welder seeking to recover damages for personal injuries allegedly sustained when an automobile operated by her was in a collision with a vehicle driven by Mrs. Blackwelder.

Mrs. Blackwelder filed grounds of defense to the motion for judgment denying liability for Mrs. Eller's damages. Later, Mrs. Blackwelder filed a special plea of res judicata, alleging that an action brought by her against Mrs. Eller for personal injuries resulting from the same accident had been settled and dismissed.

The trial court heard evidence on the special plea and, in a written opinion, ruled that Mrs. Eller's action against Mrs. Blackwelder was barred. From a final order dismissing her motion for judgment, Mrs. Eller was granted a writ or error.

The evidence adduced on the special plea shows that the accident occurred on May 10, 1961, in the city of Norfolk; that on July 25, 1961, Mrs. Eller, through George H. Gray, her attorney, filed her motion for judgment and on the same day Mrs. Blackwelder instituted her action; that grounds of defense were filed in Mrs. Eller's name in the case of *Blackwelder* v. *Eller* by Spencer Gill, the attorney for the insurance company carrying liability coverage on the Eller vehicle, which was owned by Mr. Eller; that Mr. Gill, on behalf of the insurance company, reached an agreement with Mrs. Blackwelder compromising and settling her action for personal injuries against Mrs. Eller for the sum of $400.00.

The evidence further shows that a release was executed by Mrs. Blackwelder to Mr. and Mrs. Eller which stated, in part, that it was understood, "that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons . . . . hereby released by whom liability is expressly denied."

On December 8, 1961, a final order was entered in the case of *Blackwelder* v. *Eller* in the following language:

"Order and Judgment

"This day came the parties by their attorneys, and it appearing to the Court that a compromise settlement has been agreed upon between the parties, on the motion of the parties, this cause is hereby dismissed agreed."

It does not appear that this order, which was the basis of Mrs. Blackwelder's special plea in the case of *Eller* v. *Blackwelder*, was endorsed by Mr. Gray, the attorney who filed Mrs. Eller's motion for judgment against Mrs. Blackwelder, or that he had any knowledge of its entry until the special plea was filed.

Finally, and of crucial importance, the evidence shows, without dispute, that the Eller insurance carrier, through its attorney, Mr. Gill, settled with Mrs. Blackwelder and secured the dismissal of her

action, "without notifying Mrs. Eller and without obtaining her consent."

The sole question to be determined is whether Mrs. Eller's right to pursue her action is barred by the insurance carrier's settlement of the claim against her and the dismissal of the action brought by Mrs. Blackwelder.

The precise question here presented is one of first impression in Virginia. However, we have, on two prior occasions, dealt with similar problems with results that point the way to a decision in the case before us.

In *Owen* v. *Dixon and Savage*, 162 Va. 601, 175 S. E. 41, the administrator of a passenger in Dixon's automobile, which was operated by Savage, had brought an action against Owen, Dixon and Savage for wrongful death resulting from a collision between the Owen and Dixon vehicles. The two companies carrying liability insurance on the vehicles settled the claim and secured a dismissal of the action. When Owen brought an action against Dixon and Savage for his personal injuries resulting from the same accident, the defendants moved to dismiss on the ground that the settlement and dismissal of the administrator's action was a bar thereto. We held that the motion was properly overruled because it appeared that the settlement by the insurance companies with the administrator had been made without Owen's knowledge and consent. There it was said:

". . . . No authority has been cited nor have we been able to find any authority for the proposition that, when a claim for damages against an insured has been compromised by the insurance carrier, under the terms of its contract, the insured is estopped from asserting whatever claim he may have against a third party." 162 Va., at p. 606.

In *Pannell* v. *Fauber*, 201 Va. 380, 111 S. E. 2d 445, the company carrying insurance on Fauber's automobile had settled the claim of a passenger in Pannell's vehicle and then instituted an action, in Fauber's name, against Pannell for contribution as a joint tort feasor. When Fauber brought an action against Pannell for his injuries, the latter sought to introduce in evidence the motion for judgment in the contribution proceeding as an admission that Fauber was guilty of negligence which estopped him from claiming otherwise in the action against Pannell. We held that the pleading was not admissible and did not constitute an estoppel against Fauber because it appeared that the pleading was filed by the attorney for the carrier, that Fauber did not sign it, did not know that it had been filed and had no interest in the proceeds of the recovery. The opinion stated:

"It is elementary that a party will be affected by the admission of another only where the person making the statement is expressly or impliedly authorized to represent and bind him in the transaction . . . [T]he attorney [for Fauber's insurance carrier] was not employed by or acting for [Fauber] and consequently had no authority, express or implied, to make any admission binding on him. . . ." 201 Va., at p. 382.

A reasonable and orderly extension of these principles leads to the adoption of a rule of decision for the case before us that is almost universally recognized by the courts of our sister states. The rule is stated in 29A Am. Jur., Insurance, § 1442, p. 554, as follows:

"A liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protest of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts. Even where the settlement was made after the claim against the insured had been formulated in an action, and resulted in a dismissal of such action, it has generally been held that the insured's claim is not barred, either on the principle of res judicata or of estoppel."

See also 5A Am. Jur., Automobile Insurance, §117, pp. 119, 120, and Ann. 32 A. L. R. 2d 937, and the cases cited therein.

The logic and simple justice of this rule becomes clearly apparent under the facts of the case before us. The Eller insurance policy, as with most liability policies, contained a provision giving the company the right to, "make such investigation and settlement of any claim or suit as it may deem expedient."

But the claim or suit which the company was authorized to settle was a claim or suit *against* one insured by its policy. The company had no authority, express or implied, to settle, dispose of or release a claim which one so insured might have against another.

Clearly, then, although the insurance company had the right to settle with Mrs. Blackwelder, even without Mrs. Eller's consent, it had no authority, without such consent, to prejudice Mrs. Eller's claim against Mrs. Blackwelder. It appears, to the contrary, that the company did not intend its action to affect the status of Mrs. Eller's claim. The company provided, in the release which it secured from Mrs. Blackwelder, that Mrs. Eller's liability for the collision was expressly denied.

We do not overlook the rule that, ordinarily, a "dismissed agreed" order is a bar to subsequent litigation on the same cause of action

between the same parties. But the order in this case cannot be held to have such binding effect. Mr. Gill, the insurance company's attorney, had no authority to agree to the entry of an order, the result of which would be to bar the prosecution of an action in which neither he nor his company had any interest or standing.

Moreover, Mr. Gray, Mrs. Eller's attorney, did not endorse the order or have notice of its presentation to the court. He did not, nor did his client, participate in the agreement effecting the settlement of Mrs. Blackwelder's claim and the dismissal of her action.

Under these circumstances, the principle of res judicata does not apply. It was, therefore, error for the trial court to rule that Mrs. Eller was barred from pursuing her action to a conclusion on its merits. Accordingly, the final order will be reversed and set aside and the case remanded for a trial on the issues framed by the motion for judgment and the grounds of defense.

*Reversed and remanded.*