## Richmond

RONALD A. JAMES v. CITY OF NORFOLK.

April 26, 1965.

Record No. 6002.

Present, All the Justices.

*Bruce G. Murphy* (*Brydges & Broyles*, on brief), for the plaintiff in error.

*Charles R. Waters, II, Assistant City Attorney* (*Leonard H. Davis, City Attorney*, on brief), for the defendant in error.

GORDON, J., delivered the opinion of the court.

■ The defendant, James, was convicted on a warrant charging him with violation of the ordinances of the City of Norfolk, in that he failed to yield the right of way, and fined $10. Section 29-68 of The Code of the City of Norfolk, Virginia, 1950 (the "Norfolk Code")[1] prescribes who shall have the right of way, when two vehicles approach or enter an intersection at approximately the same time, and Section 29-19 of the Norfolk Code makes violation of Section 29-68 a misdemeanor.

The alleged violation occurred at the intersection of Bolling and Powhatan Avenues, where automobiles driven by the defendant and one Bradshaw collided. In approaching the intersection, the defendant drove south on Powhatan Avenue, and Bradshaw drove east on Bolling Avenue. A "Yield Right of Way" sign near the southwest corner of the intersection faced Bradshaw as he proceeded on Bolling Avenue and into the intersection.

The City contends that Bradshaw had the right of way under Section 29-68 of the Norfolk Code; that the defendant's unlawful speed, as disclosed by the evidence, operated to transfer the right of way from the defendant to Bradshaw.

Section 29-68 of the Norfolk Code (set forth in footnote (1)) does not provide, however, for the transfer of the right of way from one driver to another. In this case, Bradshaw, the driver on the right, did not have the right of way initially, because his movements (when he entered the intersection) were controlled by the "Yield Right of Way" sign; and Section 29-68 provides expressly that the driver on the right does not have the right of way in that case. The Section does not provide, moreover, for transfer of the right of way from one driver to another driver, by virtue of one driver's operating at an excessive speed. The only result of unlawful speed, specified in

---

[1] Section 29-68 of The Code of the City of Norfolk, Virginia, 1950:
"Sec. 29-68. Right of way—General rule.

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right unless a 'Yield Right of Way' sign is posted.

"At traffic circles vehicles already in the circle shall have the right of way over vehicles approaching and entering the circle. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have under this section or section 29-70 of this Code. This section shall not be construed to apply to the drivers of any vehicles at intersections where there are traffic controls or where one of the vehicles is entering a public highway from a private road or driveway. (Code 1950, § 27-69)"

the Section, is forfeiture of right of way by one who otherwise would have had the right of way.

We have held that under the Virginia right-of-way statute (now Virginia Code of 1950, Section 46.1-221) there can be only one right of way, and forfeiture of the right of way does not operate to transfer the right of way to another. *Moore* v. *Warren*, 203 Va. 117, 122 S.E.2d 879; *Pannell* v. *Fauber*, 201 Va. 380, 111 S.E.2d 445; *Independent Cab Assn.* v. *Barksdale*, 177 Va. 587, 15 S.E.2d 112. The same conclusions are dictated by the language of the Norfolk right-of-way ordinance (Norfolk Code Section 29-68). In this case, however, the defendant had no right of way to be forfeited; the Norfolk right-of-way ordinance may be contrasted with the Virginia right-of-way statute, which expressly provides; "Where any such sign [a 'Yield Right of Way' sign] is posted, the driver of the vehicle approaching or entering such intersection on the highway, road or street on which such sign is posted shall yield the right of way to the driver of a vehicle approaching or entering such intersection from either direction" (Virginia Code of 1950, Section 46.1-221).

In oral argument before us, counsel for the City contended that the defense in the lower court was based on the inapplicability of Norfolk Code Section 29-68 by virtue of the last sentence of the Section, which excludes application of the Section in cases involving intersections "where there are traffic controls" (see footnote (1))—the defendant's counsel argued that a "Yield Right of Way" sign is a traffic control within the meaning of that Section. We do not agree that the defendant's counsel confined his objections in the lower court to the provisions of the last sentence of the Section and his contention that a "Yield Right of Way" sign is a traffic control within the meaning of that Section.

The Record discloses that, before the trial commenced, the court overruled the motion that "any evidence of alleged speed on behalf of the defendant be excluded on the grounds that such evidence would be irrelevant and immaterial since the defendant was charged with the failure to yield the right of way". At the conclusion of the City's evidence and again at the conclusion of the defendant's evidence, counsel moved the court to strike the evidence on the ground "That Section 29-68 of the City Code of Norfolk was clearly not applicable to the facts of this case because the intersection in question was controlled by a 'Yield Right of Way' sign", *and* on the ground that the Section does not apply at intersections where there are traffic

controls. The defendant's counsel objected, for the reasons stated in his motion to strike the evidence, to the giving of this instruction:

"The Court instructs the jury that, as between the drivers of two vehicles entering an intersection from different directions, if the driver of the vehicle having the right of way forfeits that right of way because of unlawful speed or other reason, the right of way is then acquired by the driver of the other vehicle."

Due exception was noted to the court's ruling and the giving of the instruction.[2] After the verdict, the court overruled the defendant's motion to set aside the verdict, on the ground it was contrary to the law and evidence, to which ruling the defendant excepted.

Since neither the defendant nor Bradshaw had the right of way, the court erred in sustaining the conviction of the defendant for failure to yield the right of way. Accordingly, the judgment of conviction is reversed and the warrant dismissed.

*Reversed and dismissed.*

---

[2] It may be noted that the defendant's counsel made an additional objection to the inclusion, in the instruction set forth above, of the words "or other reason," since these words "would allow the jury to find the defendant guilty for any reason". This objection was well taken.