23943. NICHOLS, by Next Friend, et al. v. ENGLISH.

SUBMITTED FEBRUARY 14, 1967—DECIDED MARCH 9, 1967—
REHEARING DENIED MARCH 23, 1967.

*Robert E. Andrews*, for appellants.

*John G. Davis*, for appellee.

COOK, Justice. Clinton Nichols, by next friend, and Catherine Nichols Thomas brought their petition against Marvin English to cancel a warranty deed executed by them to him while they were minors. The defendant in his answer asserted that the petitioners were estopped to repudiate the conveyance because of representations to him that they were of legal age. The jury found for the defendant, and the appeal is from the judgment entered on the verdict of the jury.

In the enumeration of errors it is asserted that it was error to deny the appellants' motion for a directed verdict, and to give a quoted portion of the charge on the subject of estoppel. Since the deed was made in January, 1960, the law in effect at that time in regard to the repudiation of a deed by a minor was *Code* § 29-106, prior to the Act of 1966 (Ga. L. 1966, pp. 291, 292), substituting a new Code section by that number.

The appellants proved the essential allegations of their petition, and the only issues are whether there was evidence which authorized the jury to find that the appellants were estopped from repudiating their deed; and if so, whether the charge on estoppel was a correct statement of law.

At the time of the execution of the deed Clinton Nichols was seventeen, and Catherine Nichols Thomas was nineteen. They both denied that they made any representation as to their age in connection with the execution of the deed, and there was no testimony by any witness that these minors personally represented that they were of legal age in order to induce the appellee to contract with them. The appellee relies on testimony that representations were made by their mother in the

presence and within the hearing of each of them, at the time the deed was executed, that they were of legal age, and that no denial was made by them of the truth of these assertions.

Brandon Rogers testified that: He was present when the deed was signed by each of the appellants. The deed was signed by Catherine Nichols Thomas in the clerk's office, and he heard Joe T. Davis (now deceased), who was attorney for the appellee at that time, inquire of the appellants' mother if this appellant was of age, and the mother replied that she was. This statement was in the presence of this appellant, and he thought she could hear it. She did not deny the statement by her mother. The deed was executed by Clinton Nichols in jail. His mother stated in his presence that he was of legal age, and he did not deny this.

The trial judge charged the jury in regard to estoppel as follows: "I give you in charge this rule of law; even minors may be estopped by their admissions from denying the truth of them, or by their silence when the circumstances call for a disclosure of their claims or their rights, provided the minor has arrived at those years of discretion when a fraudulent intent could be reasonably imputed to him. I further give you in charge this rule of law, gentlemen; a minor is estopped from exercising his privilege of avoiding a fair and reasonable contract upon the ground of his minority at the time the agreement was made, where it appears that he has received, enjoyed and consumed its irrestorable benefits; and where it appears that the defendant, dealing in good faith, was induced to act to his injury by reason of the false and fraudulent representation of the minor with respect to his apparent majority; and that, in view of all the surrounding facts and circumstances, the defendant was justified in accepting such representation as true, and was free from fault or negligence on his part, such as a failure to use all ready means of ascertaining the truth touching the minor's apparent majority."

Waivers or estoppels are not ordinarily imputable against infants, but this court has recognized that an estoppel by conduct or admission can be imputed to an infant who has reached an age of discretion when fraud can be imputed against him.

*Jones v. Cooner*, 137 Ga. 681, 683 (74 SE 51); *Brown v. Anderson*, 186 Ga. 220 (197 SE 761).

In *Whittington v. Wright*, 9 Ga. 23 (4), it was held: "Where a person having title to property, of which he is apprised, stands by and suffers it to be sold by the sheriff, without asserting his title or making it known to bidders, he cannot afterwards set up his claim. And in such case, even infancy would be no protection, provided the minor had arrived at those years of discretion when a fraudulent intent could be reasonably imputed to him."

In *Larkin v. City of Darien*, 69 Ga. 727, a minor interposed a claim to a horse which had been levied on under a tax fi. fa. as the property of the mother of the minor. This court affirmed the judgment finding the property subject to the fi.fa., which judgment was based in part on the action of the mother when the property was levied on, in the presence of her son, indicating that the horse was hers, and his failure to assert title.

In *Wolff & Happ v. Hawes*, 105 Ga. 153, 158 (31 SE 425), it was said: "Even minors may be estopped by their admissions from denying the truth of them, or by their silence when the circumstances call for a disclosure of their claims or their rights, provided the minor has arrived at those years of discretion when a fraudulent intent could be reasonably imputed to him."

Under these decisions, the evidence of silence on the part of the minors when their mother represented that they were of legal age authorized the judge to charge on estoppel, and the charge was not erroneous.

It was a question of fact for the jury whether the minors heard the representations made by their mother that they were of legal age, and whether their failure to deny these representations under the circumstances should estop them from repudiating their deed. It was, therefore, not error for the trial judge to refuse to direct a verdict for them.

*Judgment affirmed. All the Justices concur.*