**LAW AND EQUITY COURT OF THE CITY OF RICHMOND**

Zabel Kalousdian

v.

Cecelia A. Gates

October 27, 1969

Case No. 1504

By Judge A. Christian Compton

The plaintiff's plea of estoppel by judgment is sustained.

The sole question for decision is whether the final judgment in the case of Kalousdian's Administrator against the same defendant adjudicates the issues of primary and contributory negligence in this case.

In the accident giving rise to this cause of action, vehicles driven by the plaintiff and defendant collided resulting in bodily injury to this plaintiff and causing the death of the plaintiff's mother, Mackrouhi Kalousdian, an occupant of the plaintiff's vehicle.

In the former action brought against this defendant by this plaintiff in her capacity as administrator of her mother's estate under the Death By Wrongful Act Statute (Code Section 8-633, et seq.), the issue of the primary negligence of the defendant was decided against the defendant. The decedent was survived by two beneficiaries of the first class, the present plaintiff and this plaintiff's daughter. In the prior suit the question of this plaintiff's negligence was also in issue. The jury was instructed that if this plaintiff was guilty of any negligence which was a proximate cause of the accident, then she, in her individual capacity, could not participate in the distribution of any award made to her as administrator. The verdict in that case found for the plaintiff administrator and distributed all of the proceeds to this plaintiff individually. Judgment was entered thereon and has become final.

The plaintiff argues that the prior judgment is *res judicata*, in the sense of collateral estoppel, as to this subsequent action insofar as the issues of

primary and contributory negligence are concerned. The defendant takes the position that she is not bound on those issues by the prior judgment because two elements required for this doctrine to apply are lacking. First, this action is not between the same parties, or privies thereto, and, second, mutuality of estoppel does not exist. The plaintiff, while not agreeing that these two elements are necessary for the doctrine to apply, urges that if they are required they have been met in this case.

The rule is well stated in Burks' Pleading and Practice, Section 357, pp. 674 and 675, as follows:

> Where the second suit, although between the same parties or their privies, is based upon a different claim or cause of action, the effect of the former judgments is more limited in scope. Here, even though the court finally adjudicated the merits of the former controversy, if the subsequent action be upon a different cause of action, the prior judgment of itself cannot be pleaded in bar of the maintenance of the second action. *It merely precludes the parties, or those in privity or identity of interest with them, from relitigating the same matters of law or fact which were placed before the court and actually or necessarily determined by it in the former suit . . . .*
>
> The general rule and that followed in Virginia and West Virginia is that in order for a former adjudication to operate as an estoppel, the estoppel must be mutual; that is to say, *the party seeking the benefit of the prior judgment must demonstrate that he would have been prejudiced if the former controversy had been decided the other way.* In other words, the proceeding must be concluded as to both litigants or it cannot be used as an estoppel against either. [Emphasis added.]

The defendant contends there is no privity between this plaintiff in her individual capacity and the plaintiff in her representative capacity in the prior action. Under the Death Act, the administrator is a mere nominal party and sues as trustee for the statutory beneficiaries. *Wilson v. Whittaker, Adm'r.*, 207 Va. 1032, 1036, 154 S.E.2d 239 (1967); *Patterson v. Anderson*, 194 Va. 557, 567 (1953). In the prior action the plaintiff individually certainly had an "identity of interest" with that of the plaintiff administrator because, of course, if there was no recovery by the administrator, there could be no possible distribution of the proceeds of that recovery to the plaintiff as beneficiary. The court therefore holds that the

requirement of privity (if such is necessary in a case like this where the plaintiff is pleading the former judgment against one who *was* a party to the former action) has been met. *Taylor v. Anderson*, 303 F.2d 546, 548, 549 (1962), cited in 8 M.J., *Former Adjudication or Res Adjudicata*, Section 39, 1968 Cum. Supp. p. 84.

The defendant also urges that the estoppel is not mutual because had the whole distribution been made to the granddaughter of the deceased in the prior case, "no one would know whether Zabel was excluded because she was negligent or because the jury felt that although Zabel was not negligent, the recovery should go to Nancy for other reasons." The ready answer to this argument is that such is not the fact in this case. The jury *did* distribute the entire recovery to this plaintiff and to do so it must have determined that the defendant was negligent and that this plaintiff was free of contributory negligence. Had the prior suit been decided in favor of the defendant, then this plaintiff would have been barred in the prosecution of her personal claim. This has been the test of mutuality of estoppel in Virginia (if such is still a requirement for collateral estoppel to apply) and it has been met by the plaintiff in this case. See the modern view of the subject in the able and well-reasoned opinion in *Graves v. Associated Transport, Inc.*, 344 F.2d 894 (4th Cir. 1965), and cases cited therein. See also 46 Am. Jur. 2d, *Judgments*, Section 522.