539 F.2d 705
 12 Empl. Prac. Dec. P 11,131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Neil Abraham Bradington aka Niel Abraham Brad aka Mohamed
Ibrahim Barad, Appellant
v.
International Business Machines Corporation, Appellee.
 No. 75-1812.
 United States Court of Appeals, Fourth Circuit.
 Aug. 11, 1976.
 
 Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.
 
 PER CURIAM
 
 1
 The plaintiff, Neil Abraham Bradington, was employed by the defendant, International Business Machines Corporation (IBM), on August 30, 1965, and worked until December 14, 1967, when his employment was terminated. On April 24, 1969, Bradington instituted an action against IBM in the District of Maryland alleging a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq., which case was placed on the civil docket of that court as No. 20700. Some eighteen months later the plaintiff filed the present action which was docketed as case No. 70-1406. A variety of procedural maneuvers ensued with respect to both cases and on May 18, 1973, following a full trial, judgment was entered in favor of IBM in No. 20700. Thereafter, the district court, acting upon the motion of IBM, dismissed case No. 70-1406, and Bradington has appealed.
 
 
 2
 In granting the dismissal motion, the district court concluded that the disposition of case No. 20700 provided an appropriate basis for applying the doctrine of collateral estoppel with respect to all of the charges in the complaint in the present case with the exception of an alleged assault. As to the latter charge the district court found that it was barred by the Maryland statute of limitations. Md.Ann.Code, Art. 57 Sec. 1 (1972 Repl.Vol.)
 
 
 3
 Our examination of the record persuades us that the present case involves the same operative facts and issues as those in case No. 20700 and, accordingly, the district court acted properly in granting the motion for dismissal. See North Carolina v. Pfizer, --- F.2d ---- (No. 74-2154, 4 Cir. January 12, 1976); Graves v. Associated Transport, Inc., 344 F.2d 894 (4 Cir.1965).
 
 
 4
 Affirmed.